# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **GIRLIS HUGH SERRATT,** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| **v.** | ) |
| | ) Case No. 6:09-cv-01145-VEH |
| **WARDEN GILES and THE** | ) |
| **ATTORNEY GENERAL OF** | ) |
| **THE STATE OF ALABAMA,** | ) |
| | ) |
| **Respondents** | ) |

## FINAL JUDGMENT

On June 10, 2009, the magistrate judge's report and recommendation was entered and the parties were allowed therein eleven (11) days in which to file objections to the recommendations made by the magistrate judge. On June 15, 2009, petitioner filed objections to the magistrate judge's report and recommendation.

In his objections, petitioner avers, in essence, that the statute of limitations should be equitably tolled because he was limited in his ability to read and write, stressed by being in prison, and unable to obtain records pertaining to his case from his attorney until 1997 or 1998. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435

(1990)). "The burden is on the plaintiff to show that equitable tolling is warranted." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

Petitioner does not allege that he was mentally ill or mentally incompetent, only stressed by the prison environment and threats from prison guards to the point it limited his ability to think straight. That is insufficient to warrant equitable tolling. *See Murray v. McNeill*, 2008 WL 2520494, at *5-*6 (S.D.Fla. June 20, 2008) (petitioner must submit proof of mental illness or incapacity, not just self-serving assertions); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir. 2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period). Further, illiteracy or lack of knowledge about the law will not justify the invocation of equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Welsh v. McNeill*, 2009 WL 1370829 (M.D.Fla. May 14, 2009).

That petitioner may not have been able to obtain records pertaining to his conviction from his attorney until 1997 or 1998 also does not excuse the late filing of his habeas corpus petition. Under *Hansen v. United States*, 956 F.2d 245 (11th Cir. 1992), an inmate has no right of access to the records of his criminal case for the

purpose of preparing a collateral attack on the conviction. In addition, though petitioner has had the records for at least ten years, he waited until now to file his habeas corpus petition. Even had he been entitled to some equitable tolling on the basis of delay in obtaining records from his attorney, any such entitlement should have been sought long before now and has long since elapsed.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and the petitioner's objections thereto, the court hereby **ADOPTS** the report of the magistrate judge. The court further **ACCEPTS** the recommendations of the magistrate judge and it is, therefore,

**ORDERED**, **ADJUDGED** and **DECREED** that the petition for writ of habeas corpus in this action be and the same hereby is **DENIED** as time-barred.

**DONE** this the 30th day of June, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge